Tiphani NI, aka Ping Ni,
Plaintiff–Appellant,

v.

ROYAL BUSINESS BANK OF LOS AN-
GELES, a California corporation as
successor in interest to First Asian
Bank of Las Vegas, a Nevada corpora-
tion, Defendant–Appellee.

No. 13–56018.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2015.*

Filed June 9, 2015.

Thomas Kevin Bourke, Esquire, Law
Office of Thomas K. Bourke, Los Angeles,
CA, for Plaintiff–Appellant.

Daniel G. Bath, Esquire, Roy Garfield
Weatherup, Lewis Brisbois Bisgaard &
Smith LLP, Los Angeles, CA, for Defen-
dant–Appellee.

Before: KOZINSKI and CALLAHAN,
Circuit Judges, and SINGLETON,**
Senior District Judge.

**MEMORANDUM ***

1. Ni argues we should apply Nevada
law to her claims, but she doesn't explain
why applying Nevada law "will further the
interests of [Nevada]," so we apply the law
of the forum state, California. *See CRS
Recovery, Inc. v. Laxton,* 600 F.3d 1138,
1142 (9th Cir.2010).

2. The Bank can't be held liable for
Tsai's actions as respondeat superior be-
cause Ni failed to allege facts establishing
that Tsai's conduct was "typical of or
broadly incident to" the Bank's business.
*See Mary M. v. City of L.A.,* 54 Cal.3d 202,
285 Cal.Rptr. 99, 814 P.2d 1341, 1344
(1991) (internal quotation marks omitted).
Though Tsai's job at the bank may have
"set the stage for [the] misconduct," that is
insufficient to impose respondeat superior
liability. *See Lisa M. v. Henry Mayo
Newhall Mem'l Hosp.,* 12 Cal.4th 291, 48
Cal.Rptr.2d 510, 907 P.2d 358, 367 (1995).

3. The Bank can't be held liable for
Tsai's actions on an agency theory because
even if Tsai was the Bank's agent, Ni
doesn't allege facts showing Tsai acted
within his "actual or ostensible authority"
in running the fraudulent scheme. *See
Van't Rood v. Cnty. of Santa Clara,* 113
Cal.App.4th 549, 6 Cal.Rptr.3d 746, 765
(2003). Indeed, Ni's Complaint does not
allege that the Bank "intentionally or by
want of ordinary care" sanctioned Tsai's
conduct. *See Young v. Horizon W., Inc.,*
220 Cal.App.4th 1122, 163 Cal.Rptr.3d 704,
713 (2013).

4. Ni's Complaint also doesn't allege
sufficient facts to support her negligent
hiring claim. It contains nothing more
than "[t]hreadbare recitals of the ele-
ments" of that claim, which "do not suf-
fice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678,
129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** The Honorable James K. Singleton, Senior
   District Judge for the U.S. District Court for
   the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36-3.